(Court of Common Pleas, Sandusky Co.)

## THE CITY OF FREMONT, OHIO, v. B. A. HAYES, AND THE FREMONT SAVINGS BANK COMPANY, A CORPORATION.

---

## THE CITY OF FREMONT, OHIO, v. MAHALA CORNELIUS AND B. F. CORNELIUS.

*Delinquent street assessment—After certifying same over to county auditor, corporation can not bring suit to collect same—*

Where an assessment for a street improvement has been levied by a municipal corporation on abutting property, and becomes delinquent, the corporation has its choice to proceed to collect the same by suit in its own name, or to certify the same to the county auditor, to be put on the general tax-duplicate, to be collected by the county treasurer with other taxes, and in such case, after thus certifying the delinquent assessment to the county auditor, the corporation can no longer bring an action to collect the same in its own name.

Opinion of the court on demurrer to the petitions.

These two cases of the City of Fremont against Mahala Cornelius and B. F. Cornelius, and the City of Fremont against B. A. Hayes and the Fremont Savings Bank Company, a corporation, were argued and submitted together on demurrer to the petitions, as the same questions are raised in both cases.

The petitions set forth that the council of the city of Fremont, by due and proper resolution, declared it necessary to improve certain streets or parts of streets in the city of Fremont, and that the city thereafter, by ordinance, levied assessments to pay for this improvement upon the abutting property.

The assessment was made by the foot front, the ordinance requiring the assessments to be paid in installments of

different amounts,—yearly installments.

The petitions further set forth that some of these installments were paid, but that said parties then defaulted in the payment of some of said installments or assessments, and that those installments remaining unpaid and delinquent, were certified to the county auditor prior to the commencement on these actions.

This all appears in the two petitions. A demurrer is filed to each petition.

In the Hayes case it is a general demurrer, and in the other case a general demurrer and special demurrer setting forth that the plaintiff has no legal capacity to sue. A general demurrer, however, would cover the question.

The question raised here is, whether the city can maintain this action for these assessments after such delinquent assessments have been certified to the county auditor.

The city asks for a judgment against these defendants who are owners of certain property on these streets, and asks that the lien be enforced and property be sold to pay assessments; and the petitions further set forth the fact that these assessments were certified to the county auditor on a certain day, prior to the commencement of this action.

The defendants urge in support of their demurrer consideration of certain statutes, and claim that after these assessments are delinquent and are certified to the county auditor to be by him placed upon the tax list, or tax duplicate, that the city has thus and thereby lost its right to maintain the action, and that the action then, and after such certification, can only be maintained by the county treasurer whose duty, it is claimed, is to collect these assessments with other taxes.

It is claimed on the other hand, by the city solicitor, that the statutes give to the municipal corporation the express right to maintain an action for these assessments, and provide that an action may be maintained in the name of the corporation for the collection of such assessments; and that the statutes further provide that the city may enforce the lien which was created by levying the assessments, or the lien created by certifying to the county auditor, the claim being that the certifying of these delinquent assessments to the county auditor does not affect, in any way, the right of the municipal corporation, to whom the money belongs, to recover and enforce the lien.

This, in substance, is the contention between the parties in these two cases.

In the case of B. A. Hayes, et al., the city claims some $495.78, which is payable in installments, and penalty of 5 per cent.; and in the other case of Mahala Cornelius and B. F. Cornelius, the city asks $247.41, with interest on the various installments, and the penalty.

Now, the chapter on assessments is quite long and including quite a large number of sections which bear more or less upon this question. I will refer to some of them:

Sec. 2263 provides, that the municipal corporation may levy assessments for street improvements such as this, and the cost and expense thereof may be assessed on the general tax list if the municipal corporation so provides.

Sec. 2264 provides, that "In the cases provided for in the foregoing section, and in all cases where an improvement of any kind is made of an existing street, alley or other public highway, the council may decline to assess the costs and expenses in the last section mentioned, or any part thereof of such improvement, except as hereinafter mentioned, on the general tax list, in which event such cost and expenses, or any part thereof which may not be so assessed on the general tax list, shall be assessed by the council on the abutting and such adjacent or contiguous or other benefited lots and lands in the corporation, either in proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the foot front of the property bounding and abutting upon the improvement, as the council, by ordinance setting forth specifically the lots and lands to be assessed, may determine before the improvement is made, and in the manner and subject to the restrictions herein contained; and the assessments shall be payable in one or more installments, and at such times as the council may prescribe," and it was under this section the city of Fremont proceeded and levied these assessments by the foot front upon this property in question.

Sec. 2265 provides, "that in the cases provided for in sec's. 2262 and 2263, the clerk of the corporation shall certify the levy and assessment to the auditor of the county, who shall place the same on the tax list against such taxable property, and the same shall be collected as other taxes." So this section provides, where the entire assessment is to go on the general tax-list of the property of the municipal corporation, it shall then be certified to the county auditor.

Sec. 2285 provides, that special assessments such as this one, shall be payable by the owners of the property assessed personally, by the time stipulated in the ordinance providing for the same, and shall be a lien from the date of the assessment upon the respective lots or parcels of land assessed.

Sec. 2286 provides, that "if payment is not made by the time stipulated, the amount assessed, together with interest, and a penalty of 5 per cent. thereon, may be recovered by suit before a justice of the peace or other court of competent

jurisdiction, in the name of the corporation, against the owner or owners;" so that express authority is here given to the municipal corporation to maintain an action for the recovery of these special assessments if not paid within the time stipulated in the ordinance.

Sec. 2287 provides, that "proceedings for the recovery of the assessments may be instituted by the corporation against all the owners, each or any number of them; or to enforce the lien, against all the lots or lands, or each lot or parcel, or any number of them embraced in any one assessment."

And it is provided further in sec. 2294, that "the court of common pleas and superior courts shall have the jurisdiction authorized by this chapter for the collection of any charge or debt, or the enforcement of any lien, notwithstanding the amount involved is less than $100.00."

So that these sections authorize the city or the municipal corporation to maintain an action to recover the assessments that have been so levied and to enforce the lien.

Sec. 2297 provides, that "the lien of an assessment shall continue two years from the time that the same is payable, and no longer, unless the corporation shall, before the expiration of the time, have caused the same to be certified to the author of the proper county, for entry upon the tax list for collection, or shall have caused the proper action to be commenced in some court having jurisdiction thereof, to enforce such lien against such lots or lands, in which case the lien shall continue in force so long as such assessment remains on the tax-list uncollected, or so long as such action is pending."

Then prior to the time that these assessments were certified to the county auditor, there can be no question but that the municipal corporation had the right to enforce this lien; but it is claimed now, by the defendants, that in as much as they have been certified to the county auditor, which fact appears on the face of the petition, that the city has lost its right, the municipal corporation can no longer maintain an action in its own name to recover assessment.

Sec. 2295 provides as follows: "The council may order the clerk or other proper officer of the corporation to certify any unpaid assessment or tax to the auditor of the county in which the corporation is situated, and the amount of such assessment or tax so certified, shall be placed upon the tax-list by the county auditor, and shall, with 10 per cent. penalty to cover interest and cost of collection, be collected with and in the same manner as state and county taxes, and credited to the corporation." So that under this section the council of the municipal corporation, may, if it sees

fit, certify these unpaid assessments, or have them certified by the clerk to the auditor of the county, and this section provides when they are so certified they shall be put upon the tax-list like other taxes, and collected in the same manner, —not only in the same manner as state and county taxes, but with state and county taxes,—so that, when unpaid assessments are certified to the county auditor, he puts them upon the tax list of the county, and they go over to the county treasurer for collection the same as other taxes, and the statute says that the treasurer shall collect them in the same manner he collects other taxes.

Now, there are various statutes defining the powers of the treasurer in collecting taxes—he may collect them by distraint—may take property for the satisfaction of unpaid taxes—he may maintain an action in his own name as treasurer of the county to collect taxes. And I will say in a city of this class the county treasurer is also the city treasurer, and acts as the city treasurer, so that he collects money belonging to the city and credits it to the proper fund, instead of turning it over to the city treasurer, as there is none in a city of this size.

Secs. 1094, 1095 and 1096, provide how the county treasurer may collect the taxes by distraint and otherwise.

Sec. 1104 provides, that he may enforce a lien for taxes.

Sec. 1094 provides, that the treasurer must collect all delinquent taxes.

Sec. 1117 provides for the per cent. that the treasurer shall be entitled to for the collection of taxes, and he is entitled to a certain percentage in all delinquent taxes. So, in view of all these statutes, the question is, has this municipal corporation now, after these delinquent assessments have been certified to the county auditor, has it now the right, in its own name, to maintain this action for these assessments. If it has, then these assessments, these taxes exist, it may be said, upon two different tax duplicates. If the city may collect them, there must be a record of them in the city clerk's office. By virtue of the assessments the city has a lien for two years for these assessments, and they having been certified to the county auditor, a lien has been created by their being so certified, a lien which will continue as an incumbrance upon this property until the assessments have been paid.

Now, it does not seem to me from a consideration of all of these statutes, that the municipal corporation can maintain an action and collect these delinquent assessments after they have been certified to the county auditor.

No decisions have been cited by either side, and I do not know that there are any, that bear directly upon this ques-

tion, but there is no case reported as far as appears, where any municipal corporation has maintained any such action after delinquent assessments have been certified to the county auditor.

Sec. 2295 provides, after they are so certified to the county auditor, they shall, with 10 per cent. penalty to cover interest and cost of collection, be collected with,—be collected with,—you will notice the language—and in the same manner as state and county taxes.

The treasurer is not required to receive a portion of a property owner's taxes. If the owner of these lots should go to the county treasurer and tender his taxes without these assessments, the treasurer might turn to these statutes and say, I am required to collect your delinquent assessments, and I decline to receive a portion of your taxes.

If these property owners should come into court and tender to the city solicitor the money due on these assessments, it seems to me he would have some difficulty in determining what to do with that money after he got it. If he took it to the county treasurer, and there were delinquent taxes on this property, the county treasurer would refuse to receive it on the ground that these assessments were to be collected with the state and county taxes, and the treasurer would claim his penalty; and if the property-owners having paid their money in here, should go and tender the balance of their taxes, and the treasurer should refuse to receive them—an incumbrance would still remain upon this property—a lien created by law—by virtue of the assessments being certified to the county auditor,—a lien that will remain and exist as an incumbrance upon this property until it is removed or cancelled by due process of law. And if these assessments are paid into court to the clerk, and not come into the hands of the treasurer, through the proper channel and in the legal way, there might be some difficulty in getting that lien cancelled, and that incumbrance removed from that property.

It seems to me, when these delinquent assessments are certified to the county auditor, they then take their place along with the other taxes—county and state, of the property owners—with the school taxes and road taxes. If he owes any ditch assessments, state taxes for school purposes or any other purpose, the statute says they shall then be collected together—be collected with and in the same manner as state and county taxes, and credited to the corporation; and the property owner, after they have been so certified, cannot be subjected to suit both by the municipal corporation and by the county treasurer. It seems to me that the right of the municipal corporation to maintain this action is gone. They have their election; the municipal corporation may bring suit if they wish—and they

may enforce the lien as long as these taxes exist on their duplicate, as long as they have a record of it, and before they have been certified they have the right to do this under the statute; or, they may elect to certify the delinquent assessments to the county auditor and have them collected; but after they have directed the city clerk to do that, and the matter has passed out of the hands of the municipal corporation and been entered on the general tax list of the county, and that has gone to the county treasurer for collection, with what light I now have on this question, it seems to me the municipal corporation has then lost its right to maintain the action to recover these assessments.

The treasurer, of course, cannot refuse to collect these assessments which is a duty imposed on him by statute, and I take it the municipal corporation would not be entirely without remedy if the treasurer should refuse to collect the taxes, because the proceeds belong to the municipal corporation when they are collected. From these conclusions, it follows that the demurrers to these petitions must be sustained. And the petitions dismissed at plaintiff's cost, and it is so ordered.